## Aaron P. Kenyon v. John Worsley.

A new promise to pay a debt, made by the debtor after having obtained the benefit of the insolvent act, is in law a waiver of the exemption from arrest and imprisonment conferred by that act.

Assumpsit on a promissory note. Plea, the general issue. This cause was tried in the Court of Common Pleas, at the December term, 1851, before Staples, J., upon the papers and proceedings and certain facts agreed to by the parties, viz : That the defendant made the note declared on by the plaintiff, and that, after the making of the note and before the commencement of this action, the defendant obtained the benefit of the Insolvent Act of this State. The defendant moved to dismiss the action because the writ was served by arresting the defendant, on the ground that he was protected from arrest

by his discharge under the Insolvent Act. (Dig. of 1844, sec. 16. p. 216.) The Court overruled the motion and gave judgment for the plaintiff, who thereupon moved for execution against the body of the defendant, by reason of his having made a new promise to pay the note after he obtained the benefit of the Insolvent Act, and this fact he offered to prove by the deposition of Alceus B. Day. Before this deposition was taken, (under a commission in New York, upon written interrogatories,) the defendant objected to the following interrogatories, as leading, and persisted in his objection at the trial; to wit :—

" 1st.—Do you know either or both of the parties in this suit ?"

" 2d.—Have you been clerk for the plaintiff and are you now—if yea—how long ?"

" 3d.—Have you ever heard the defendant promise to pay the note in suit since his taking the benefit of the Insolvent Act, and if yea, state the precise time of the year —how long since, the precise conversation, as near as you can recollect it, and every other particular in relation to this matter."

The Court overruled the objections, and, the new promise to pay the debt having been proved, as proposed, by said deposition, ordered execution to issue against the body of the defendant ; who thereupon excepted to the rulings of the Court.

*Hoppin* for the plaintiff contended. That the discharge under the insolvent act gave the defendant a personal privilege from arrest which he might claim or waive ; that, if he wished to claim it, he should have pleaded in abatement to the writ, but by pleading the general issue he had

waived it. That the new promise operated in this case as in the case of a debt barred by the statute of limitations ; that in the one case it was a revival and in the other an enlargement of the legal remedies, the declaration in both cases proceeding upon the original contract and not on the new promise. He cited the unreported case of *Smith* v. *Williams*, decided in Providence, September term, 1840. The objections to the interrogatories should have been taken and settled before the commission was sent.

*Cozzens* for the defendant contended. That under an Insolvent law which discharged the contract as well as the person of the debtor, the rule, where a new promise was relied on, was to declare on the original contract and prove the new promise to remove the bar. *Scouton* v. *Eislord*, (7 Johns. 36.) *Erwin* v. *Saunders*, (1 Cowen, 249. 1 Chitty on Pleadings, 40.) The same rule prevailed in regard to debts barred by the statute of limitations. The new promise did not constitute a new contract but only revived the old. But here the old contract had never ceased to be capable of enforcement ; there was no bar to be removed ; the new promise was without consideration and was merely a repetition by parol of a promise which the debtor was continually making by his written obligation. If the consideration of the original contract supported the new promise, then the original contract was extinct, for one consideration could not support two contracts, and the new promise should have been declared upon. When the debtor made the new promise he did what as an honest man he must have felt bound to do, and it could never have been intended that he should thereby expose himself to danger, which he might have avoided by dishonestly denying his obligation.

Kenyon *v.* Worsley.

GREENE, C. J., delivered the opinion of the Court.

The question in this case is whether the defendant, by his promise to pay after his discharge under the insolvent act, has not waived the personal exemption, which such discharge gave him. The new promise did not add to the legal obligation of the note. The plaintiff already had his written promise to pay and the parol promise could not be declared upon as a cause of action. But we think that such parol promise, given after discharge in insolvency, is in law a waiver of his exemption from arrest and is a good reason why execution upon the judgment should issue against him in the usual form. A promise by a certificated bankrupt to pay a debt barred by the certificate is binding as a new promise.

We do not think the other exceptions should be sustained.

BRAYTON, J. dissented from this opinion upon the main question.

*Exceptions overruled, and execution ordered in the usual form.*